**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TRAMMOCHEM ASIA PTE LTD. and** | § | |
| **TRAMMOCHEM AG,** | § | |
| **Plaintiffs** | § | |
| | § | |
| -against- | § | |
| | § | |
| **LPG/C DESERT ORCHID,** | § | C.A. No. _____ |
| her engines, tackle, boilers, etc., **in rem,** | § | **In Admiralty** |
| | § | |
| -and against- | § | |
| | § | |
| **DESERT ORCHID SHIPPING PTE** | § | |
| **LTD and PETRODEC LIMITED** | § | |
| **and BERNHARD SCHULTE** | § | |
| **SHIPMANAGEMENT (SINGAPORE)** | § | |
| **PTE LTD,** **in personam,** | § | |
| | § | |
| **Defendants** | § | |

## COMPLAINT

Plaintiffs, by and through their attorneys, Hill Rivkins LLP, complaining of the above-named vessel and Defendants, allege upon information and belief:

1.

This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333. This is also an action seeking security for an eventual arbitration award in a pending New York arbitration between Plaintiffs and Defendants pursuant to 9 U.S.C. § 8.

2.

This action is brought to obtain jurisdiction over Defendants and to obtain security for any award or judgment eventually entered against Defendants.

3.

Plaintiffs had and now have the legal status and principal offices and places of business stated in Schedule A hereto annexed and by this reference made a part hereof.

4.

Defendants had and now have the legal status and offices and places of business stated in Schedule A, and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered, and controlled the above-named vessel which now is or will be within the jurisdiction of this Court during the pendency of this action.

5.

After due investigation, Plaintiffs respectfully submit that Defendants cannot be "found" in this District for purposes of and as delineated in Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.  Plaintiffs are informed that Defendants have, or will shortly have, assets within this District, including but not limited to the vessel LPG/C DESERT ORCHID.

6.

There is no statutory or maritime bar to the attachment sought herein.

7.

On or about the date and at the port of shipment stated in Schedule A, there was delivered to the vessel and Defendants, in good order and condition, the shipment described in Schedule A, which the vessel and Defendants received, accepted and agreed to transport for certain consideration.

8.

Prior to completion of loading of the LPG/C DESERT ORCHID from lightering barges, on which barges the cargo was in good order and condition, sampling of the cargo on board the LPG/C DESERT ORCHID revealed that it had been contaminated by water and/or moisture.

9.

Plaintiffs properly mitigated their damages by arranging for a salvage sale to a buyer in Indonesia.

10.

Despite the Charter Party term specifying $655,000.00 freight for an Indonesia discharge port, Defendants demanded $1,055,000.00 for the Indonesia discharge port.

11.

By reason of the premises, the above-named vessel and Defendants breached, failed and violated their duties and obligations as common carriers and were otherwise at fault.

12.

Plaintiffs were the shippers, consignees or owners of the shipment as described in Schedule A, and bring this action on their own behalf and, as agents and trustees, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

13.

Plaintiffs have duly performed all duties and obligations on their part to be performed.

14.

By reason of the premises, Plaintiffs have sustained damages, as nearly as same can now be estimated as shown in Schedule A, no part of which has been paid although duly demanded, in the amount of THREE MILLION FIVE HUNDRED SIXTY-FOUR THOUSAND NINETY-SEVEN AND 10/100 DOLLARS ($3,564,097.10).

15.

All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

16.

Plaintiffs pray:

1.     That summons in due form of law according to the practice of this Court be issued against Defendants, citing them to appear and answer the foregoing, failing which a default will be taken against Defendants for the principal amount of the claim, plus interest, costs, and attorney's fees;

2.     That if Defendants cannot be "found" within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, that all assets of Defendants up to and including $3,564,097.10 be restrained and attached, including but not limited to the vessel LPG/C DESERT ORCHID, her equipment and appurtenances;

3.     That a judgment may be entered in favor of Plaintiffs against Defendants, one or more of them, for the amount of Plaintiffs' damages and attorney's fees, together with interest and the costs and disbursements of this action;

4.     That process in due form of law according to the practice of this Court in causes of admiralty or maritime jurisdiction may issue against the motor

4

vessel, her engines, etc., and that all persons having or claiming any interest be cited to appear and answer under oath, and this Court will be pleased to pronounce a judgment in favor of Plaintiffs for their damages, including cargo contamination, freight charges and excess freight, as well as security for attorneys' fees, arbitration fees and expenses, together with interest, costs and disbursements, and that the motor vessel may be condemned and sold to pay therefor;

5.     That this Court will be pleased to pronounce a judgment in favor of Plaintiffs for indemnity against any interim or partial final award as may be issued by the New York arbitration panel for any claims made by Defendants for demurrage and/or detention, as such claims are attributable to Owners' fault in damaging the cargo;

6.     That this Court will retain jurisdiction over this matter throughout the issuance of an award by the New York arbitration panel so that the award may be confirmed and judgment here may be entered in favor of Plaintiffs for the amount of their claim, i.e., $3,564,097.10; and

7.     That this Court will grant to Plaintiffs such other and further relief as may be just and proper.

Respectfully submitted,

_Robert Glen Moll_
ROBERT G. MOLL
SDTX I.D. No. 15213
Texas Bar No. 00784622
JUSTIN D. MITCHELL
SDTX I.D. No. 1055710
Texas Bar No. 24070285
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Tel.:  713/457-2288
Fax:  713/222-1359
Email: rmoll@hillrivkins.com
Email: jmitchell@hillrivkins.com

ATTORNEYS FOR PLAINTIFFS

OF COUNSEL:

HILL RIVKINS LLP

## VERIFICATION

STATE OF TEXAS     §
                      §

COUNTY OF HARRIS §

    Robert G. Moll, being duly sworn, deposes and says:

    I am an attorney with the firm of Hill Rivkins LLP, attorneys for Plaintiffs.  I am over twenty-one (21) years of age and fully competent to make this Verification.  I have read the foregoing Complaint and know its contents.  The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

    The reason this Verification is made by me and not by Plaintiffs is that Plaintiffs are foreign business entities, none of whose officers are now within this District.

    I contacted the Texas Secretary of State and the Texas Comptroller and conducted a search for corporations named "Desert Orchid Shipping Pte Ltd" and "Petredec Limited" and "Bernhard Schulte Shipmanagement (Singapore) Pte Ltd".  The search result indicated that none of these was a Texas corporation, nor were any of these licensed, authorized or registered to do business in the State of Texas as either a domestic or foreign corporation.  I could not find any local agents in Houston for either company.  I accessed on May 10, 2011, through Microsoft Internet Explorer, the Yellow Pages telephone directory database via the website at http://www.yellowpages.com/ and found no listing in that database for any office or agent of the three Defendants in the State of Texas.  I accessed the Google search engine and conducted searches for the Defendants. I discovered that Desert Orchid Shipping Pte Ltd is based in Singapore, although I note that the charter party specifies "Desert Orchid Shipping Pte Ltd c/o Petredec Limited,

Bermuda." I found that Petredec Limited has its office in Hamilton, Bermuda, and that Bernhard Schulte Shipmanagement (Singapore) Pte Ltd has its office in Singapore. Accordingly, Defendants Desert Orchid Shipping Pte Ltd and Petredec Limited and Bernhard Schulte Shipmanagement (Singapore) Pte Ltd cannot be found within the District.

The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my files.

_Robert Glen Moll_
ROBERT G. MOLL

Subscribed and sworn to before me, the undersigned notary public, on this 13th day of May, 2011, to certify which witness my hand and official seal.

_Grace R. Solis_
Notary Public, State of Texas

GRACE R. SOLIS
Notary Public, State of Texas
My Commission Expires
March 30, 2012

8

## <u>SCHEDULE A</u>

### <u>Legal Status and Place of Business of Parties</u>

Plaintiff, **Trammochem Asia Pte Ltd**, was and now is a foreign corporation or other business entity with an office and place of business at 37-02A, 16 Raffles Quay, Hong Leong Buildings, Singapore 048581.

Plaintiff, **Trammochem AG**, was and now is a foreign corporation or other business entity with an office and place of business at Bahnhofstrasse 1, CH 8852 Altendorf, Switzerland.

Defendant, **LPG/C DESERT ORCHID**, is a liquefied petroleum gas carrier sailing under the flag of Singapore. The vessel was built in 2009 and its gross tonnage is 17,807 metric tons. Its IMO number is 9407328.

Defendant, **Desert Orchid Shipping Pte Ltd**, is a foreign corporation or other business entity, with power to sue and be sued, which engages in business as a common carrier of goods by water for hire, which does not maintain a regular place of business in Texas or a designated agent for service of process, and thus may be served through the Texas Secretary of State through Petredec Limited, Bermuda, as specified in the charter party dated 31st May 2010, at the home office address of its general agent:

Desert Orchid Shipping Pte Ltd
c/o Petredec Limited, Bermuda
par La Ville Place
14 Par-La-Ville Road
Hamilton HM08
Bermuda

Defendant, **Petredec Limited**, is a foreign corporation or other business entity, with power to sue and be sued, which engages in business as a common carrier of goods by water for hire as a common carrier of goods by water for hire, which does not maintain a regular place of business in Texas or a designated agent for service of process, and thus may be served through the Texas Secretary of State at its home office address:

Petredec Limited
par La Ville Place
14 Par-La-Ville Road
Hamilton HM08
Bermuda

Defendant, **Bernhard Schulte Shipmanagement (Singapore) Pte Ltd.**, is a foreign corporation or other business entity, with power to sue and be sued, which engages in business as a common carrier of goods by water for hire as a common carrier of goods by water for hire, and/or manages tankers and gas carriers, which does not maintain a regular

place of business in Texas or a designated agent for service of process, and thus may be served through the Texas Secretary of State at its home office address:

Bernhard Schulte Shipmanagement (Singapore) Pte Ltd.
152 Beach Road #32-00 Gateway East
Singapore 189721

### Description of Shipment

Vessel:   LPG/C DESERT ORCHID

Date of Shipment:   June 14, 2010

Ports of Loading:   Mumbai, India

Port of Discharge:  Gresik, Indonesia (salvage sale)

Shipper:    Reliance Industries Limited

Consignee:   To Order of Bank Central Asia

Description of Shipment: Propylene

Nature of Loss or Damage:  Cargo Contamination due Water and/or Moisture / Freight Charges / Excess Freight / Related Costs and Expenses including gassing up expenses, survey expenses, lab expenses, and expert expenses / Attorney's fees and costs / Arbitrators' fees and costs / Indemnity for Owners' Claims for Demurrage and Detention

Claim Amount:    Itemized as follows:

| | |
|---|---:|
| Cargo Damage | $   456,865.76 |
| Cargo Consumed in Gassing Up | $     15,339.00 |
| Freight in Excess of Charter Party Rate | $   400,000.00 |
| Freight for Contaminated Cargo (Charter Party Rate) | $   655,000.00 |
| Security for Attorney's Fees | $   500,000.00 |
| Security for Arbitrators' Fees | $   100,000.00 |
| Security for Survey, Lab, and Expert Expenses | $   100,000.00 |
| Indemnity for any Partial Final Award on Owners' Claims for Demurrage and Detention as said Claims are Attributable to Owners' Fault | $   318,578.89 |
| Interest (4 years at 10% per annum) | $ 1,018,313.46 |
| TOTAL | $ 3,564,097.10 |