IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRAMMOCHEM ASIA PTE LTD and TRAMMOCHEM AG,<br>　　　　　　Plaintiffs<br><br>-against-<br><br>LPG/C DESERT ORCHID, her engines, tackle, boilers, etc., <u>in rem</u>,<br><br>-and against-<br><br>DESERT ORCHID SHIPPING PTE LTD and PETRODEC LIMITED and BERNHARD SCHULTE SHIPMANAGEMENT (SINGAPORE) PTE LTD, <u>in personam</u>,<br>　　　　　　Defendants | § § § § § § § § § § § § § § § § § § | C.A. No. H-11-01851<br>In Admiralty |

## MOTION FOR ISSUANCE OF WARRANT OF SEIZURE AND WRIT OF ATTACHMENT

Plaintiffs, by their attorneys, Hill Rivkins LLP, file their motion for issuance of a warrant of seizure and for issuance of process of maritime attachment, and in support would show as follows:

1.

Plaintiffs have filed a Verified Original Complaint in the United States District Court for the Southern District of Texas in the above-styled and numbered cause.

2.

The LPG/C DESERT ORCHID has or will shortly arrive in Houston and will be docked at the Port of Houston within the jurisdiction of the Court.

3.

Plaintiffs have filed their Complaint *in rem* against the vessel itself and now come seeking a warrant for maritime arrest pursuant to Supplemental Admiralty Rule C. *Titan Nav., Inc. v. Timsco, Inc.*, 808 F.2d 400, 404 (5th Cir. 1987) (noting general average liens, salvage liens, and tort liens give rise to maritime liens against a vessel *in rem*); *Assoc. Metals and Minerals Corp. v. M/V ALEXANDER'S UNITY*, 41 F.3d 1007, 1011-12 (5th Cir. 1995) (holding cargo claims may be brought as maritime torts and thus be entitled to preferred maritime lien status); *Bank One, Louisiana N.A. v. MR. DEAN MV*, 293 F.3d 830 (5th Cir. 2002) (recognizing maritime lien for breach of a maritime contract).

4.

Plaintiffs also filed their Complaint in order to attach the assets of Defendants Desert Orchid Shipping Pte Ltd and Petrodec Limited and Bernhard Schulte Shipmanagement (Singapore) Pte Ltd and now come seeking a writ of attachment pursuant to Supplemental Admiralty Rule B as security for an eventual judgment in a pending New York arbitration between Plaintiffs and Defendants. Without the vessel as security for their claims, Plaintiffs would likely be unable to enforce any arbitration award in their favor. After due investigation, Plaintiffs respectfully submit that Defendants cannot be "found" in this District for purposes of and as delineated in Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Plaintiffs understand that Defendants own, operate or control the LPG/C DESERT ORCHID, which is now or will soon be in this District. Plaintiffs therefore also seek attachment of the vessel pursuant to Rule B of the Federal

Supplemental Rules of Civil Procedure. *Transportes Navieros y Terrestres S.A. de C.V. v. Fairmount Heavy Transport, N.V.*, 572 F.3d 96 (2d Cir. 2009) (stating Rule B standards for an ex parte order of attachment, namely that there is a valid prima facie admiralty claim against the defendant, that the defendant cannot be found within the district, that the defendant's property may be found within the district, and that there is no statutory or maritime bar to attachment); *Naftomar Shipping and Trading Co. v. KMA Intern. S.A.*, 2011 WL 888951, at *2 (S.D. Tex. March 10, 2011) (citing same Rule B standards with approval).

5.

Plaintiffs, pursuant to the facts more fully set forth in their Verified Complaint, seek the arrest or attachment of assets of Defendants which are currently or will soon be located within this District and within the jurisdiction of the Court.

WHEREFORE, Plaintiffs pray that the Court issue an Order directing the United States District Clerk for the Southern District of Texas to issue a warrant of seizure for the LPG/C DESERT ORCHID to seize the Vessel until such time as security is posted for Plaintiffs' claims; that the Court issue an Order directing the United States District Clerk for the Southern District of Texas to issue process of maritime attachment against Defendants; that cargo loading and discharging be permitted to continue unhampered during the course of the seizure; that if Defendants fail to post security, that the Vessel be condemned and sold to pay any judgment entered in favor of Plaintiffs against Defendants in the pending New York arbitration; and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

                Respectfully submitted,

*Robert Glen Moll*
ROBERT G. MOLL
SDTX I.D. No. 15213
Texas Bar No. 00784622
JUSTIN D. MITCHELL
SDTX I.D. No. 1055710
Texas Bar No. 24070285
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Tel.:   713/457-2288
Fax:   713/222-1359
Email:  rmoll@hillrivkins.com
Email: jmitchell@hillrivkins.com

              ATTORNEYS FOR PLAINTIFFS

OF COUNSEL:

HILL RIVKINS LLP

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRAMMOCHEM ASIA PTE LTD, and TRAMMOCHEM AG, <br> **Plaintiffs** <br><br> -against- <br><br> LPG/C DESERT ORCHID, her engines, tackle, boilers, etc., <u>in rem</u>, <br><br> -and against- <br><br> DESERT ORCHID SHIPPING PTE LTD and PETRODEC LIMITED and BERNHARD SCHULTE SHIPMANAGEMENT (SINGAPORE) PTE LTD, <u>in personam</u>, <br> **Defendants** | C.A. No. H-11-01851 <br> In Admiralty |

### ORDER FOR ISSUANCE OF WARRANT OF SEIZURE AND PROCESS OF MARITIME ATTACHMENT

Upon reading and filing the Verified Complaint of the Plaintiffs herein for issuance of a warrant of seizure to arrest or attach the *in rem* Defendant, and the Court having found that the conditions appear to exist for such a warrant of seizure pursuant to Rule C and for attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure,

IT IS ORDERED that the Clerk of this Court is directed forthwith to issue the Warrant of Seizure and Process of Maritime Attachment for seizure of the LPG/C DESERT ORCHID ("Vessel") as prayed for in the Complaint up to the amount of $3,564,097.10; and it is further

ORDERED that supplemental process enforcing the Court's Order may be issued by the Clerk upon application of Plaintiffs without further order of the Court; and it is further

ORDERED that normal operations, including cargo operations and repairs, may continue aboard the Vessel, and the Vessel may shift to another berth or berths so long as they are within the confines of the Port of Houston, but at the risk and expense of the Vessel's interests; and it is further

ORDERED that any person claiming an interest in the property arrested or attached pursuant to the Order shall, upon application to the Court, be entitled to a prompt hearing at which Plaintiffs shall be required to show why the arrest or attachment should not be vacated or other relief granted; and it is further

ORDERED that the arrest or attachment shall be released without further court order upon the written request of counsel for Plaintiffs to the United States Marshal for the Southern District of Texas, stating that counsel has conferred with all attorneys representing parties to the litigation, including attorneys for any Intervenors, and they consent to the release, and providing that the Court has not entered any subsequent orders modifying this arrangement for the release of the Vessel; and it is further

ORDERED that a copy of the Verified Complaint be served with the warrant of seizure and writ of attachment, and that a copy of this Order be attached to and served with the warrant of seizure and writ of attachment.

SIGNED this _____ day of _____, 2011, at Houston, Texas.

_____
UNITED STATES DISTRICT JUDGE